**Lee ASBURY, Appellant,**

v.

**Mark CONNELLY, Police Officer; William Vollberg, sued individually and in their official capacities; Robert W. Jobes, Police Officer; Robert Stow-**

man, Police Officer; Edward Fallert, Police Officer; Antoine Cain, Police Officer; Sgt. Paul Minella, Police Officer; Todd Cenci, Police Officer; Stephen Matakovich, Police Officer; John Doe #1, (Partner of Matakovich); John Doe #2, (S.W.A.T.Sgt.) sued in their individual capacities; City of Pittsburgh.

No. 02–2084.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Dec. 17, 2002.

Decided Dec. 18, 2002.

Michael J. Lorence, Jr., Pittsburgh, PA, for Appellant.

Bryan Campbell, Pittsburgh, PA, Susan E. Malie, City of Pittsburgh, Department of Law, Pittsburgh, PA, for Appellee.

Before SLOVITER, RENDELL, and GREENBERG, Circuit Judges.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on an appeal by plaintiff Lee Asbury from an order denying him a new trial entered on March 14, 2002. Asbury brought this action under 42 U.S.C. § 1983 against the City of Pittsburgh and certain of its police officers principally alleging that the officers unlawfully beat him while he was in custody in a police vehicle. He alleged that the officers were liable because of their participation in the beating and the City was liable because "through its well established practices, procedures, custom and/or policy [it] has acquiesced in the unconstitutional conduct of its officers." App. at 154. Asbury also asserted state law claims that we do not describe as they are not germane to the issues raised on this appeal.

The defendants filed a joint motion to bifurcate the trial so that the case against the officers would be tried first and, if necessary, that against the City would follow. The defendants' reason for bringing the motion was their belief that if the jury determined that the individual defendants did not violate Asbury's constitutional rights the second trial would not be necessary as the City could not be liable if the officers did not commit a constitutional tort. In fact, the jury returned a verdict for the officers following which the court entered judgment for the City. After the court denied Asbury's motion for a new trial he appealed. The district court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367 and we have jurisdiction under 28 U.S.C. § 1291.

On this appeal Asbury asserts that the jury instructions were misleading, confusing and prejudicial, the court used the wrong legal standard in the excessive force during detention charge, the officers' attorney's closing argument violated the bifurcation order, and the court should not have entered the bifurcation order.

Asbury predicates his argument that the district court erred in charging the jury regarding the excessive use of force on his contention that the officers applied force when he was in custody in a police van so that the use of any force was unjustified at that time. We reject this argument. In considering this point we have no quarrel with Asbury's contention that the use of any force is unreasonable if none is needed. Here, however, there was evidence that Asbury was banging around in the

police van and in these circumstances the jury could have concluded that the police reasonably used force to restrain him even though they denied using force. Thus, the court did not commit legal error in giving the excessive force charge and did not abuse its discretion in its formulation. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 929 (3d Cir.1997). Moreover, we are satisfied that taking the charge as a whole and viewing it in the light of the evidence the court fairly and adequately submitted the excessive force issue to the jury. *See In re Merritt Logan, Inc.*, 901 F.2d 349, 359 (3d Cir.1990).

Asbury contends that the court erred in bifurcating the case because "proof of individual officers liability [is] not a condition precedent to municipal liability." Appellant's brief at 22. He then states, citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978), that "Congress intended municipalities be held liable for action pursuant to official municipal policy *which causes a constitutional tort.*" Br. of Appellant at 22 (emphasis added). Clearly Asbury's statements are not consistent for no matter what the policies of a municipality, in an excessive force case (even if any force at all would be excessive) if the individuals executing the policy did not use excessive force then the municipality cannot be liable. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986). Thus, for there to have been a constitutional tort the individual officers had to be liable and their liability was a condition precedent to municipal liability.

We have reviewed Asbury's other arguments and find them to be without merit.

---

* Honorable William C. O'Kelley, United States District Judge for the District of Northern

For the foregoing reasons we will affirm the order of March 14, 2002, denying Asbury a new trial.